UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY HAUGABOOK,

    Petitioner,                                                 Civ. Case No.: 8:15-cv-1756-T-24TBM
                                                                 Cr. Case No.: 8:08-cr-254-T-24TBM

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner Johnny Haugabook's *pro-se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 42). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.**     **BACKGROUND**

On October 2, 2008, Petitioner pleaded guilty to (1) knowingly interfering with interstate commerce through violence in violation of 18 U.S.C. § 1951 and (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Cr. Dkts. 22-23, 33). On December 16, 2008, this Court sentenced Petitioner as an armed career criminal under 18 U.S.C. § 924(e) to 188 months of incarceration followed by a 36 month term of supervised release. (Cr. Dkt. 33 at 2-3; Cr. Dkt. 38 at 1). In sentencing Petitioner as an armed career offender, the Court relied on two previous robbery convictions and two previous burglary convictions. Petitioner did not file a direct appeal. On January 23, 2012, Petitioner filed a motion to reduce sentence, which the Court denied on March 8, 2012. (Cr. Dkts. 35, 38). On June 20, 2014, Petitioner filed his first

motion under 28 U.S.C. § 2255. (Cr. Dkt. 39). On July 1, 2014, the Court denied Petitioner's first § 2255 motion as untimely because it was filed more than one year after his judgment of conviction became final and because Petitioner could not rely on *Descamps v. United States*, 133 S. Ct. 2276 (2013), to establish the timeliness of his motion. (Cr. Dkt. 41).

Petitioner filed the instant § 2255 motion on July 28, 2015 and argues that the recent United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates due process, affords him relief. (Civ. Dkt. 1; Cr. Dkt. 42).

## II.    PETITIONER'S MOTION IS SUCCESSIVE

Petitioner's § 2255 motion is his second such motion to this Court. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case. As such, this Court lacks jurisdiction to consider this successive § 2255 motion. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

## III.    PETITIONER'S MOTION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for filing a § 2255 motion. *Lopez v. United States*, 512 F. App'x 1001, 1003 (11th Cir. 2013) (citing 28 U.S.C. § 2255(f)). The one-year period runs from the latest of the following four events:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
>    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated July 28, 2015, and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

### A.   Timeliness Under § 2255(f)(1)

Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, a criminal defendant's "notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed" and "[a] judgment or order is entered for purposes of . . . Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(1)(A)(i) and (b)(6).

The Court entered judgment on December 16, 2008. (Cr. Dkt. 33). Petitioner did not file a direct appeal, and his judgment of conviction became final on December 30, 2008 when the 14 day period to file a notice of appeal expired. Under § 2255(f)(1), Petitioner had until December 30, 2009 to file a § 2255 motion. Petitioner's § 2255 motion was filed on July 28, 2015, and Petitioner therefore cannot rely on § 2255(f)(1) to establish the timeliness of his motion.

### B.   Timeliness Under § 2255(f)(3)

Petitioner asserts that his § 2255 motion is timely because it asserts a right to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was decided on June 26, 2015.[2] Under § 2255(f)(3), a § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Thus, Petitioner's motion, filed on July 28, 2015, would be timely if *Johnson* falls within the parameters of § 2255(f)(3).

However, Petitioner's reliance on *Johnson* is misplaced, because *Johnson* did not announce a right that was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). *Johnson* was not made retroactive to cases on collateral review. Thus, Petitioner cannot rely on § 2255(f)(3) to establish the timeliness of his motion.

Finally, even if *Johnson* were retroactive, it provides no relief to Petitioner under 18 U.S.C. § 924(e). § 924(e)(2)(B) defines the term "violent felony" and includes crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). At the time of sentencing, Petitioner had two previous robbery convictions and two previous burglary convictions. The Court relied upon these previous convictions in sentencing Petitioner as an armed career criminal. Robbery has an element of force and qualifies as a violent felony under § 924(e)(2)(B)(i). Burglary is an enumerated offense listed in § 924(e)(2)(B)(ii).

---

[2]Specifically, Petitioner contends that *Johnson* establishes that his prior convictions could not serve as the necessary predicate offenses to establish his eligibility to be sentenced as an armed career criminal under 18 U.S.C. § 924(e).

Page 4

Thus, neither robbery nor burglary fall under the residual clause as addressed by *Johnson*. Accordingly, even if *Johnson* were retroactive, Petitioner would be afforded no relief.

## IV.     CONCLUSION

Petitioner's motion is successive, it is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Johnson* to establish the timeliness of his motion under § 2255(f)(3). Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 42) is **DISMISSED** as successive and untimely.

The Clerk is directed to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of July, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro Se* Petitioner